UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PRESCRIPTION CONTAINERS, INC. d/b/a/ PCI<br><br>Plaintiff and Counterclaim Defendant,<br><br>-against-<br><br>MARIA CABILES, PURECHOICE, CORP. D/B/A PC, PHILE GLOBAL SOURCING, AND ABC COMPANIES<br><br>Defendants and Counterclaim Plaintiff Maria Cabiles<br><br>-against-<br><br>MWI VETERINARY SUPPLY, INC., and ROBERT ZEIDE,<br><br>Third-Party Counterclaim Defendants | **12-CV-4805 (CBA)(VMS)**<br><br>**DEFENDANT MARIA CABILES' FIRST AMENDED ANSWER AND COUNTERCLAIMS**<br><br>**<u>JURY TRIAL DEMANDED FOR COUNTERCLAIMS</u>** |

Defendant Maria Cabiles ("Cabiles"), by and through her undersigned attorneys, The Boyd Law Group, PLLC, for her Answer, to Plaintiff Prescription Container d/b/a PCI ("PCI")'s Complaint filed on or about September 25, 2012 ("Complaint"), states as follows:

## AS TO NATURE OF CLAIMS

1. Paragraph 1 of the Complaint sets forth legal conclusions to which no response is required. To the extent that a response is required, Cabiles denies the allegations set forth in paragraph 1 of the Complaint.

## AS TO JURISDICTION AND VENUE

2. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint.

3. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

## AS TO PARTIES

5. Admits that PCI has a location in 600 Secaucus Road, Secaucus, NJ 07094 and that PCI is a New York corporation.

6. Admits to the allegations set forth in Paragraph 6 of the Complaint.

7. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Admits that Defendant Phil Global Sourcing ("PGS") is an unincorporated entity with its principal place of business located at 85-49 116th Street, Richmond Hill, New York 11418. Denies the rest of the allegations set forth in Paragraph 8 of the Complaint.

9. Denies the allegations set forth in Paragraph 9 of the Complaint.

## As to background

10. Admits that PCI has engaged in the "business of wholesale distribution of veterinary and other medical products." Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in the rest of Paragraph 10 of the Complaint.

11. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Denies knowledge of information sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 12 of the Complaint.

13. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of the Complaint.

14. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Admits to the allegations set forth in Paragraph 17 of the Complaint.

18. Admits to the extent that Cabiles and PCI signed an agreement on or about July 28, 2011. Denies the rest of the allegations set forth in Paragraph 18 of the Complaint.

19. Admits to the extent that the quote cited in Paragraph 19 of the Complaint is copied from the agreement signed by Cabiles and PCI on or about July 28, 2011.

20. Denies the allegations set forth in Paragraph 20 of the Complaint.

21. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint.

23. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24 of the Complaint.

25. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Admits to the extent that Defendant PureChoice, Corp. d/b/a PC ("PC") sells its products within the State of New York. Denies knowledge of information sufficient to form a belief as to the truth of the rest of the allegations set forth in Paragraph 27 of the Amended Complaint.

28. Denies the allegations set forth in Paragraph 28 of the Complaint.

29. Denies the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint. Cabiles was constructively discharged.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Admits to the allegations set forth in Paragraph 33 of the Complaint.

34. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Denies the allegations set forth in Paragraph 36 of the Complaint.

37. Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies knowledge of information sufficient to form a belief as to the truth of the allegation that "PCI's customers have been actually confused as to the source of the goods sold by PureChoice" set forth in Paragraph 39 of the Complaint. Denies the rest of the allegations alleged in Paragraph 39.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

**AS TO "FIRST CAUSE OF ACTION AGAINST PURE CHOICE**

**(Common Law Trademark Infringement)**

41. Cabiles repeats and re-alleges her responses to Paragraphs 1 through 40, as though fully set forth herein.

42. The allegations set forth in Paragraph 42 of the Complaint do not pertain to Cabiles and as such no response is necessary.

43. The allegations set forth in Paragraph 43 of the Complaint do not pertain to Cabiles and as such no response is necessary.

44. The allegations set forth in Paragraph 44 of the Complaint do not pertain to Cabiles and as such no response is necessary.

45. The allegations set forth in Paragraph 45 of the Complaint do not pertain to Cabiles and as such no response is necessary.

46. The allegations set forth in Paragraph 46 of the Complaint do not pertain to Cabiles and as such no response is necessary.

**AS TO SECOND CAUSE OF ACTION AGAINST PURCHOICE**

**(Unfair Competition)**

47. Cabiles repeats and re-alleges her responses to Paragraphs 1 through 46 as though fully set forth herein.

48. The allegations set forth in Paragraph 48 of the Complaint do not pertain to Cabiles and as such no response is necessary.

49. The allegations set forth in Paragraph 49 of the Complaint do not pertain to Cabiles and as such no response is necessary.

50. The allegations set forth in Paragraph 50 of the Complaint do not pertain to Cabiles and as such no response is necessary.

51. The allegations set forth in Paragraph 51 of the Complaint do not pertain to Cabiles

and as such no response is necessary.

52. The allegations set forth in Paragraph 52 of the Complaint do not pertain to Cabiles and as such no response is necessary.

**AS TO THIRD CAUSE OF ACTION AGAINST MARIA CABILES**

**(Breach of Contract)**

53. Cabiles repeats and re-alleges her responses to Paragraphs 1 through 52 as though fully set forth herein.

54. Denies the allegations set forth Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations of Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations of Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations of Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations of Paragraph 58 of the Complaint

59. Paragraph 59 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of the Complaint.

60. Paragraph 60 sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations of Paragraph 60 of the Amended

Complaint.

## AS TO FOURTH CAUSE OF ACTION AGAINST MARIA CABILES

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

61. Cabiles repeats and re-alleges her responses to Paragraphs 1 through 60 though fully set forth herein.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies knowledge of information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 64 of the Complaint

65. Paragraph 65 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 66 of the Complaint.

67. Paragraph 67 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 67 of the Complaint.

68. Paragraph 68 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph

68 of the Complaint.

**AS TO FIFTH CAUSE OF ACTION AGAINST DEFENDANTS**

**(Conspiracy)**

69. Repeats and re-alleges her responses to Paragraphs 1 through 68 as though fully set forth herein.

70. Cabiles denies the allegations set forth in Paragraph 70 of the Complaint.

71. Cabiles denies the allegations set forth in Paragraph 71 of the Complaint.

72. Paragraph 72 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 72 of the Complaint.

**AS TO THE SIXTH CAUSE OF ACTION AGAINST DEFENDANTS**

**(Misappropriation and Conversion)**

73. Repeats and re-alleges her responses to Paragraphs 1 through 72 as though fully set forth herein.

74. The allegations set forth in Paragraph 74 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 74 of the Complaint.

75. The allegations set forth in Paragraph 75 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore, Paragraph 75 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 75 of the Complaint.

76. The allegations set forth in Paragraph 76 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore,

Paragraph 76 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 76 of the Complaint.

77. The allegations set forth in Paragraph 77 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore, Paragraph 77 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 77 of the Complaint.

**AS TO THE SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS**

**(Unjust Enrichment)**

78. Repeats and re-alleges her responses to Paragraphs 1 through 77 as though fully set forth herein.

79. The allegations set forth in Paragraph 79 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 79 of the Complaint.

80. The allegations set forth in Paragraph 80 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore, Paragraph 80 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 80 of the Complaint.

81. The allegations set forth in Paragraph 81 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore, Paragraph 81 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 81 of the Complaint.

82. The allegations set forth in Paragraph 82 of the Complaint relating to defendants other than Cabiles do not pertain to her and as such no response is necessary. Furthermore, Paragraph 82 of the Complaint sets forth legal conclusions to which no response is required. To the extent a response is required, Cabiles denies the allegations set forth in Paragraph 82 of the Complaint.

As to the "WHEREFORE" of the Complaint (including paragraphs designated "A" through "I"), Cabiles denies that PCI entitled to the relief requested.

**GENERAL DENIAL**

Cabiles denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

As and for separate Affirmative Defenses to the Complaint, and without conceding that Cabiles bears the burden of proof or persuasion as to any of them, Cabiles alleges as set forth below. Cabiles reserves the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change her Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

**FIRST AFFIRMATIVE DEFENSE**

At all times, Cabiles acted in good faith, and in conformity with the agreement she signed with Plaintiff on or about July 28, 2011 (the "Agreement").

**SECOND AFFIRMATIVE DEFENSE**

To the extent that the terms of the Agreement are what Plaintiff alleges them to be, these terms are not legally enforceable.

**THIRD AFFIRMATIVE DEFENSE**

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

**FOUTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because it has unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, laches and/or estoppel.

**SEVENTH AFFIRMATIVE DEFENSE**

The acts or omissions of Cabiles did not cause Plaintiff to suffer damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by their failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff can no longer have a cause of action because upon information and belief, it is no longer in existence and lacks capacity to sue.

WHEREFORE, having fully answered Plaintiff's allegations, Cabiles respectfully requests dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorneys' fees incurred in the defense of this action, as well as such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendant Maria Cabiles ("Cabiles" or "Counterclaim Plaintiff"), as and for her counterclaims against Plaintiff Prescription Container, Inc. d/b/a PCI ("PCI"), Third-Party Counterclaim Defendant Robert Zeide ("Zeide") and MWI Veterinary Supply, Inc. ("MWI") (collectively "Counterclaim Defendants") alleges as follows:

## THE PARTIES

83. Cabiles is a resident of the State of New York.

84. Cabiles currently resides in Queens, New York, and has done so at all times relevant to these Counterclaims.

85. Cabiles is a woman.

86. Cabiles was pregnant while working for PCI.

87. Plaintiff was an employee of PCI from in or about November 2004 until in or about June 2012 when she was constructively discharged.

88. Zeide is and was the owner of PCI at all times relevant to these Counterclaims.

89. Upon information and belief, PCI conducts substantial amount of business in the State of New York, including Kings and Queens Counties, at all times relevant to these Counterclaims.

90. Upon information and belief, MWI acquired PCI in or around December 2012.

91. Upon information and belief, MWI conducts substantial amount of business in New York City, including Kings and Queens Counties.

92. Upon information and belief, PCI employed at least fifteen (15) employees during all relevant time periods.

93. Upon information and belief, MWI employs at least fifteen (15) employees.

## NATURE OF THE ACTION

94. This is a civil action brought by Cabiles against Counterclaim Defendants for unlawful discrimination, harassment, and retaliation in violation of, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* ("NYCHRL"), New Jersey Law Against Discrimination, NJ Stat. Ann. §§10:5-1 to 10:5-49 ("NJLAD"). Cabiles seeks all permissible damages and remedies, including but not limited to compensatory, punitive damages, and legal fees and costs.

95. Counterclaim Defendants' discriminatory actions were intentional, knowing, malicious, willful and wanton and/or showed a reckless disregard for Cabiles' right and the law.

96. As a result of Counterclaim Defendants' conduct, Cabiles has suffered and continues to suffer economic and non-economic damages, including emotional distress, and harm to her professional and personal reputation.

## JURISDICTION AND VENUE

97. Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Eastern District of New York.

98. The addition of MWI and Zeide as a third-party counterclaim defendants are proper under Fed R. Civ. P. 14(a) and Fed. R. Civ. P. 20(a)(2).

## FACTS

99. Cabiles worked for PCI from approximately November 2004 to June 2012.

100. Cabiles worked as a pharmacy sales associate.

101. Cabiles started working in PCI's Brooklyn, New York office.

102. Starting in or around 2006, PCI opened an office in Secaucus, New Jersey.

103. Also starting in or around 2006, Cabiles worked from her home in Queens,

New York.

104. Cabiles was an excellent employee with a good sales track record.

105. Cabiles satisfied and/or exceeded PCI's legitimate expectations.

106. Cabiles gave birth to a child on February 23, 2012.

107. PCI was aware of Cabiles' pregnancy and the birth of her child.

108. In or around December 2011, shortly before Cabiles went on an unpaid maternity leave, she was instructed to train another employee to temporarily assume her tasks while she was on maternity leave.

109. Upon information and belief, the employee that Cabiles was asked to train was never pregnant and has never given birth to a child while working for PCI.

110. In or around March 2012, Cabiles informed PCI that she was ready to return to work. Cabiles was instructed by PCI not to return to work since the employee whom Cabiles trained had replaced her.

111. After Cabiles insisted that she be permitted to return to work in her prior position, PCI permitted her to do so in April 2012.

112. PCI, however, engaged in a course of conduct intended to induce Cabiles not to return to work and/or to constructively terminate her employment.

113. For example, whereas Cabiles was previously permitted to work remotely and had done so for approximately six (6) years without issue, PCI now insisted that Cabiles commute to PCI's Secaucus, New Jersey office (from Queens, NY) despite the lack of any legitimate work reason for doing so.

114. This long commute caused significant burden on Cabiles, a new parent.

115. Cabiles objected to and complained to PCI about the foregoing.

116. As a result of Cabiles' complaint, PCI stopped paying Cabiles' base salary and put her on a commission only compensation plan.

117. In addition, PCI withheld assignments and took clients from Cabiles,

thereby further reducing Cabiles' revenue and earnings capacity.

118. Zeide stated to one or more PCI employees that Cabiles was no longer capable of doing her job because she had a child.

119. As a result of PCI and Zeide's conduct, Cabiles was constructively discharged and she resigned in or around June 2012.

120. Upon information and belief, other female PCI employees were similarly compelled to resign or otherwise subjected to discriminatory conduct as a result of their pregnancy and/or family responsibilities.

121. Upon information and belief, MWI acquired PCI in or about December 2012.

122. Upon information and belief, MWI acquired all of PCI's liabilities.

## <u>FIRST CAUSE OF ACTION</u>

### (Gender and Pregnancy Discrimination in Violation of the NYSHRL)

123. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

124. Cabiles is a woman, and as a result, a member of the protected class.

125. Cabiles was pregnant during the relevant time period and protected under the meaning of the NYSHRL.

126. Counterclaim Defendants are "employers" within the meaning of the NYSHRL.

127. PCI and Zeide harassed and treated Cabiles unfairly because of her sex and/or pregnancy in violation of the NYSHRL.

## SECOND CAUSE OF ACTION

**(Gender and Pregnant Discrimination in Violation of the NYCHRL)**

128. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

129. Cabiles is a woman, and as a result, a member of the protected class.

130. Counterclaim Defendants are employers within the meaning of the NYCHRL.

131. PCI and Zeide harassed and treated Cabiles unfairly because of her gender and/or pregnancy in violation of the NYCHRL.

132. PCI and Zeide's conduct was outrageous and malicious, was intended to injure, and was done willfully and/or with reckless indifference to Cabiles' protected civil rights, entitling Cabiles to an award of punitive damages.

## THIRD CAUSE OF ACTION

**(Retaliation in Violation of the NYSHRL)**

133. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

134. PCI and Zeide retaliated against Cabiles because of her complaints about gender and/or pregnancy discrimination.

135. Cabiles' complaints were made reasonably in good faith.

136. Zeide actively participated in the above-described discriminatory and retaliatory acts and/or aided, abetted, incited, compelled, or coerced the above-described discriminatory and retaliatory acts.

## FORTH CAUSE OF ACTION

**(Retaliation in Violation of the NYCHRL)**

137. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

138. PCI and Zeide retaliated against Cabiles because of her complaints about gender and/or pregnancy discrimination.

139. Cabiles' complaints were made reasonably in good faith.

140. Zeide actively participated in the above-described discriminatory and retaliatory acts and/or aided, abetted, incited, compelled, or coerced the above-described discriminatory and retaliatory acts.

141. Counterclaim Defendants' conduct was outrageous and malicious, was intended to injure, and was done willfully and/or with reckless indifference to Cabiles' protected civil rights, entitling Counterclaim Plaintiff to an award of punitive damages.

## FIFTH CAUSE OF ACTION

**(Gender and Pregnancy Discrimination in Violation of the NJLAD)**

142. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

143. Cabiles is a woman, and as a result, a member of a protected class.

144. Cabiles was pregnant, and as a result, a member of a protected class.

145. Counterclaim Defendants are "employers" within the meaning of the NJLAD.

146. Cabiles suffered from adverse job actions when (a) she was required to unnecessarily commute to work in Secaucus, New Jersey, (b) had her clients taken away from her

(c) had base salary taken away, and (d) constructively discharged due to her pregnancy and her subsequent child birth.

147. Counterclaim Defendants' actions were especially egregious, undertaken with Zeide's approval, and Counterclaim Defendants were willfully indifferent to Cabiles' rights, entitling Cabiles to an award of punitive damages.

**SIXTH CAUSE OF ACTION**

**(Retaliation in Violation of the NJLAD)**

148. Cabiles repeats and realleges the allegations contained in the paragraphs above as if separately set forth herein.

149. Cabiles is a woman, and as a result, a member of a protected class.

150. Cabiles was pregnant, and as a result, a member of a protected class.

151. Cabiles suffered from adverse job actions when (a) she was required to unnecessarily commute to work in Secaucus, New Jersey, (b) had her clients taken away from her (c) had base salary taken away, and (d) constructively discharged due to her pregnancy and subsequent birth of her child.

152. Cabiles complained about the adverse job actions she was subjected to.

153. Cabiles' complaints were made reasonably and in good faith.

154. Counterclaim Defendants' actions were especially egregious, undertaken with Zeide's approval, and Counterclaim Defendants were willfully indifferent to Cabiles' rights, entitling Cabiles to an award of punitive damages.

WHEREFORE, while reserving the right to seek additional damages and plead additional causes of action as available, Cabiles demands judgment against Counterclaim Defendants as follows:

A. A declaratory judgment in favor of Plaintiff against Counterclaim Defendants, declaring that Counterclaim Defendants violated the NYSHRL, the NYCHRL, and/or the NJLAD by discriminating against and retaliating against Cabiles based upon her gender and pregnancy;

B. On all applicable causes of action, back pay and benefits and front pay and benefits, plus compensatory and punitive damages, all in amounts to be determined at trial;

C. Costs and reasonable attorneys' fees;

D. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 18, 2013

THE BOYD LAW GROUP, PLLC

Russell E. Adler, Esq. (Of-counsel)
William Li, Esq.
THE BOYD LAW GROUP, PLLC
370 Lexington Avenue, Suite 1705
New York, NY 10017
Tel: (212) 867-3675
Fax: (212) 867-5675
radler@theboydlawgroup.com
wli@theboydlawgroup.com

*Attorneys for Defendant and Counterclaim Plaintiff Maria Cabiles*